IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 97-20790
(Summary Calendar)

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBIN ARTURO MARTINEZ-DELFA,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
(USDC No. H-97-CR-64-1)
- - - - - - - - - -
August 4, 1998
Before JOLLY, SMITH and WIENER, Circuit Judges.

PER CURIAM:[*]

Robin Arturo Martinez-Delfa appeals the sentence imposed following his conviction on a plea of guilty to illegal re-entry after deportation in violation of 8 U.S.C. § 1326(b). Martinez-Delfa argues that the district court erred in finding that his conviction in California for voluntary manslaughter was an "aggravated felony" under the Sentencing Guidelines. Martinez-Delfa also argues that the district court violated Fed. R. Crim. P.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

32(b)(6)(D) when it failed to make specific findings other than by adopting the presentence report (PSR).

Our review of the record and the arguments and authorities convince us that no reversible error was committed. The California voluntary manslaughter conviction is an aggravated felony for purposes of the Sentencing Guidelines, as Martinez-Delfa received a total term of imprisonment of more than five years.[1] Also, the district court satisfied the mandates of Rule 32 when it overruled the objection and adopted the PSR because the findings in the PSR were "so clear" as not to leave us in a position requiring that we "second guess" the basis for the district court's decision.[2]

AFFIRMED.

---

[1] United States v. Ortiz-Gutierrez, 36 F.3d 80, 82 (9th Cir. 1994).

[2] United States v. Brito, 136 F.3d 397, 416 (5th Cir.), cert. denied, 118 S. Ct. 1817 (1998); United States v. Carreon, 11 F.3d 1225, 1231 (5th Cir. 1994).